SHANNON, Judge.
Petitioner seeks a writ of certiorari to review an order of the Florida Industrial Commission vacating an order of the deputy commissioner and remanding the cause to him for further consideration.
The petitioner, George Haston, while working for Pix Footwear, Inc., in Orlando, Florida, sustained an injury on March 21, 1956, when he struck his head against a plate glass window. He continued working for his employer until July 21, 1956, after which his only income was approximately $38 a week, earned as a part-time preacher at the Orlando Revival Center. He received in his employment at Pix Footwear, Inc., approximately $99 a week. No time was lost between March 21 and July 21, 1956.
After hearings, the deputy commissioner entered an award under date of July 15,1958, finding in substance that the claimant had received a compensable injury and ordering his employer to pay the claimant 175 weeks of permanent partial disability compensation, commencing July 21, 1956. From this award a review by the Full Industrial Commission was sought on behalf of the employer, the carrier, and the claim *725 ant. In its order of January 16, 1959, the Full Commission found in part as follows:
“Having considered the cause upon the record, and briefs of the parties, and it appearing that the Deputy Commissioner’s finding of fact that claimant sustained a compensable injury is supported by competent substantial evidence, which accords with logic and reason, but his finding of fact that claimant has reached maximum medical improvement is not supported by competent substantial evidence and that, accordingly, said Order does not accord with the essential requirements of law, within the meaning of U. S. Casualty [Co.] v. Maryland Casualty Co., Fla. 1951, 55 So.2d 741, it is
“Ordered that said Order of the Deputy Commissioner dated July 15, 1958, be and the same is hereby vacated and set aside and said cause be and the same is hereby remanded to the Deputy Commissioner for his further consideration with the express authority to conduct further hearings if, in his discretion, he deems necessary.”
A petition for certiorari was filed in this court by the claimant. The employer in its brief and on argument of its counsel urges the court to dismiss the petition for cer-tiorari because, it contends, the order of the Full Commission was not final.
From a reading of the first quoted paragraph of the order of the Full Commission, it would seem that the employer is correct. However, the decretal portion of the order sets aside the entire award thus creating sufficient finality to give this court jurisdiction to review by certiorari.
It is noted that the entire order is susceptible of at least two meanings and accordingly should be clarified. After reviewing the record we agree with the Commission that the claimant had a compensable injury. We are also of the opinion that the case should be remanded to the Deputy Commissioner with the express authority to conduct any proceedings necessary to determine the sole issue of the extent, if any, of the claimant’s permanent partial disability.
The claimant’s attorneys have petitioned the court for attorneys’ fees for services rendered before this court, which we grant in the sum of $300.
The petition for writ of certiorari is granted, and the order of the Full Commission is vacated with instructions to it to enter an order consistent with this opinion.
ALLEN, C. J., and SMITH, CULVER, Associate Judge, concur.